IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR132 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| KALVIN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's objections (Filing No. 23) to the Magistrate Judge's order (Filing No. 21) denying the Defendant's motion to file pretrial motions out of time.

Under 28 U.S.C. § 636(b)(1)(A) and NECrimR 59.2, the Court has reviewed the order to which the Defendant objects. A district court may set aside any part of the magistrate judge's order, on a non-dispositive matter, shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

The discovery deadline was May 7, 2010, and the pretrial motion deadline was May 20, 2010. On May 21, 2010, the Defendant filed an unopposed motion to file pretrial motions out of time. The motion stated: in addition to providing discovery, additional discovery materials were available for viewing at the U.S. Attorney's office that defense counsel had not yet been able to view; the provided discovery revealed a suppression issue that was being investigated; and interviews of non-law enforcement witnesses were necessary, requiring additional time to complete witness interviews; counsel's representation regarding the Defendant's agreement to a speedy trial waiver; a statement that a speedy trial waiver would be signed and filed; and the Assistant United States

Attorney's lack of objection to the request.  The motion to continue is the first request for a continuance in this case.

Judge Gossett denied the motion stating that "the defendant has not satisfactorily explained why the motion could not have been timely filed, and the defendant has not shown good cause for a continuance."  (Filing No. 21.)

In the Defendant's objections, defense counsel notes that the discovery provided to counsel was provided on May 10, 2010,[1] and that the discovery available at the U.S. Attorney's office includes a video of an unknown length.

The Court finds that good cause was shown in the motion for continuing the pretrial motion deadline.  NECrimR 12.3(a).  The Court recognizes that technically the request was not a motion to continue but rather was captioned as a motion to file pretrial motions out of time.  Nevertheless, the goal was to continue the pretrial motion deadline.  The Court concludes that due to the absence of a statement of good cause as to why the request to continue the deadline was not filed within the pretrial motion deadline, Judge Gossett's order cannot be considered clearly erroneous or contrary to law.  However, the additional information provided in the Defendant's objections provide such good cause.  Moreover, the government's lack of objection to the request is a factor weighing in favor of the defense.  The Court concludes that, in light of the history and circumstances of this case and in the interest of justice, the Defendant should be allowed additional time to file pretrial motions.

---

[1] The government provided discovery three days late.

Therefore,

IT IS ORDERED:

1. The Defendant's objections to the Magistrate Judge's order (Filing No. 23) and the Defendant's motion to file pretrial motions out of time (Filing No. 20) are granted insofar as the pretrial motion deadline is rescheduled to June 11, 2010, and the trial date will be rescheduled according to ¶ 1 of the progression order; and

2. The Magistrate Judge's order (Filing No. 21) denying the Defendant's motion is overruled insofar as the pretrial motion deadline will be continued.

DATED this 4th day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge